

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00335-CR

---

GARY REEVES, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 87th District Court
Freestone County, Texas
Trial Court No. 23-031CR, Honorable Amy Thomas Ward, Presiding

---

February 26, 2024

## MEMORANDUM OPINION

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California*.[1] Following a plea of not guilty, Appellant, Gary Reeves, Jr., was convicted by a jury of possession of a controlled substance in an amount of four

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

grams or more but less than two hundred, enhanced.[2]  A jury assessed a sentence of twenty-five years' confinement.[3]

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction.  *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Counsel candidly discusses why, under the controlling authorities, the record support that conclusion.  *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).  Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408.[4]  By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined.  *Id.* at 409 n.23.  Appellant did not file a response.  Neither did the State favor us with a response.

---

[2] TEX. HEALTH & SAFETY CODE ANN. § 481.115(d); TEX. PENAL CODE ANN. § 12.42(b).

[3] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Tenth Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

[4] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review.  *Id.* at 408 n.22, 411.  The duty to send the client a copy of this Court's decision is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *Id.* at 411 n.33.

### ANALYSIS

By the *Anders* brief, counsel evaluates the proceedings and reviews trial counsel's representation. He also assesses the trial court's denial of an instruction for attempted possession which is reviewed for abuse of discretion. He candidly concedes no meritorious issues are presented which would result in reversible error.

We too have independently examined the record to determine whether there are any non-frivolous issues which might support this appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

### CONCLUSION

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.


Alex Yarbrough
Justice

Do not publish.

3